IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAKIR ISKHAKOV,        : | |
|     Petitioner : | |
|     v.      : | Case No. 3:25-cv-4-KAP |
| LEONARD ODDO, WARDEN,  : | |
| MOSHANNON VALLEY PROCESSING : | |
| CENTER, *et al.*,      : | |
|     Respondents : | |

Memorandum Order

    Petitioner's motion at ECF no. 6 is denied. The parties have the right to appeal within 14 days from this nondispositive Order under Rule 72(a) and 28 U.S.C.§ 636(b)(1)(A).

    Petitioner, formerly detained at the Moshannon Valley Processing Center and now at the Pike County Correctional Facility, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3). Petitioner then filed a motion for bail pending the decision in this matter at ECF no. 6, styling it "Temporary Restraining Order and/or Preliminary Injunction, Immediate Release Pursuant to *Lucas v. Hadden*." Motions for bail pending decision on a habeas corpus petition have been treated as nondispositive motions that when handled by a Magistrate Judge are subject to appeal to the presiding District Judge and then by appeal under the collateral order doctrine to the Court of Appeals. *See e.g.* In re Bellon, 667 Fed.Appx. 362, 362-63 (3d Cir. 2016), *citing* United States v. Smith, 835 F.2d 1048, 1050 (3d Cir. 1987) (holding that denial of release is an appealable collateral order).

    There are two lines of cases discussing the standards for determining whether to release a prisoner seeking bail pending disposition of a habeas petition. One line follows the well-known four-factor rubric governing motions under Fed.R.Civ.P. 65, evaluating the likelihood of success on the merits, irreparable injury, injury to other parties interested in the proceeding, and the public interest. *See e.g.* Hope v. Warden York County Prison, 972 F.3d 310, 319-20 (3d Cir.2020); Armstrong v. Grondolsky, 290 Fed.Appx. 451, 453 (3d Cir. 2008). The other line, more narrowly applied to habeas petitions, speaks in terms of whether petitioner has shown a high probability of success and "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992).

    In practice the two lines of authority are quoted interchangeably because they

amount to requiring the same thing: a showing of such serious ill health untreatable in confinement or such imminent expiration of a probably invalid sentence that the petition, though meritorious, would be moot before decision. *See e.g.* United States v. Hough, No. 2:03-CR-00174, 2024 WL 957865, at *12 (W.D. Pa. Mar. 6, 2024), *summarily aff'd*, No. 24-1579 (3d Cir. November 29, 2024)(*citing* Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992)).

From the nature of confinement pending the completion of removal proceedings the relief sought in petitioner's motion for bail pending decision is indistinguishable from that sought in his underlying petition, so petitioner cannot possibly satisfy the "expiry of sentence" test.

Petitioner's assertions that he has serious health conditions do not show an entitlement to release or even call for a hearing. The Court of Appeals has recognized that the circumstances of immigration detainees held during the epidemic stage of Covid-19 could be examined in a habeas petition, but has never retreated from its statement that by recognizing the power of a court to issue interlocutory relief under Section 2241 "we are not creating a garden variety cause of action." Hope v. Warden York County Prison, *supra*, 972 F.3d at 324. Petitioner has been transferred out of the place of detention where he claimed he was treated inadequately. Petitioner did not even allege the necessary element that he needs medical care that is available to him only on the condition that he is released. *See id.*, 972 F.3d at 331: "[The] District Court was required to find that each Petitioner showed they would suffer irreparable injury absent relief. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176, 179 (3d Cir. 2017)."

Petitioner's conclusory assertions that confinement in and of itself causes him a "uniquely acute risk of suffering due to his mental health," ECF no. 6 at 7, and that as a result of a car accident "he need[s] every day physical therapy," ECF no. 6 at 1, are not entitled to the presumption of truth used in deciding motions under Fed.R.Civ.P 12(b)(6). Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rule 2), applicable to Section 2241 petitions through Habeas Rule 1(b), requires the petitioner to set forth all the claims he intends to present **and the facts that support those claims**. *See* Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting with approval the Advisory Committee's Note on Habeas Corpus Rule 4, that "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). One reason for that is that habeas corpus is a summary proceeding, not a general civil matter, and a habeas petitioner unlike the usual civil litigant is not entitled to discovery as a matter of course. Stedcke v. Shinn, 2021 WL 2138795 at *1 (D. Ariz. May 26, 2021), *citing* Bracy v. Gramley, 520 U.S. 899, 904 (1997) and Habeas Rule 6(a), and *quoting* Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999)("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas

petitioners to explore their case in search of its existence." (internal quotations and citations omitted)).

This court has conducted hearings under <u>Hope v. Warden York County Prison</u> in extraordinary circumstances. Nothing in the evidence petitioner submitted in support of his motion at ECF no. 7 suggests extraordinary circumstances, and holding hearings on *pro forma* complaints by immigration detainees about conditions of confinement would destroy habeas corpus as a remedy.

DATE: March 17, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Zakir Iskhakov A-244-050-781
Pike County Correctional Facility
175 Pike County Blvd.
Lords Valley, PA 18428